UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:14-cv-749-JHM

Church Mutual Insurance Company                                                            PLAINTIFF

V.

Von Smith, *et al*.                                                                                      DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Claude Reynolds Insurance Agency, Inc.'s Motion to Dismiss. [DN 12]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion to Dismiss is denied in part and granted in part.

**I. BACKGROUND**

Church Mutual Insurance Company ("Church Mutual") provides casualty and property insurance for churches and other religious institutions. Over many years, it has built a large electronic database that it claims contains a vast collection of proprietary information about its customers. This database includes contact information, details on existing policies, general underwriting policies, bids made to potential customers, and so on. It relies on "regional representatives" who service specific geographic areas. These regional representatives sell policies, service existing customers, and help the company build goodwill. To that end, each regional representative receives access to the electronic database of proprietary information.

To protect this supposed proprietary information, Church Mutual utilizes password protection and data encryption. Additionally, regional representatives may access only the proprietary information pertinent to their assigned geographic areas. This prevents disgruntled or nefariously enterprising employees from leaving the company and accessing *all* of the

company's data for the benefit of a competitor. Regional representatives must also sign non-disclosure agreements for the proprietary information, along with non-compete and non-solicitation agreements.

Von Smith was a regional representative. He served various counties in western Kentucky. When hired in 2008, he signed an employment contract ("the 2008 Contract") that included the non-disclosure, non-compete, and non-solicitation agreements. Originally, the non-compete and non-solicitation agreements extended for three years after his departure from Church Mutual. The contract's language also stipulated that he understood the electronic database was proprietary information, he knew he had no right to it, and he recognized the remedies Church Mutual would pursue if he violated the agreements. In December 2013, Smith signed a new contract ("the 2013 Contract") with Church Mutual. This time, the non-compete and non-solicitation agreements extended for only two years. In March 2014, his employment with Church Mutual ended.

Within mere days of the end of his Church Mutual tenure, Smith took employment with the Claude Reynolds Insurance Agency ("CRA"). CRA competes against Church Mutual. Three months after he left Church Mutual, Church Mutual began receiving tips that he was breaching his non-disclosure, non-compete, and non-solicitation agreements. At least three churches—former clients of Church Mutual that Smith serviced when he was at the company—admitted that Smith reached out to them and helped lure them away from Church Mutual. Church Mutual even received word from a former customer that, while at CRA, Smith telephoned the customer and told it that its Church Mutual policy was about to expire and that it could save money by buying a policy from CRA instead of renewing with Church Mutual. Because of these tips, Church Mutual sent Smith a cease and desist letter in July 2014. The letter

warned that Church Mutual would take legal action against Smith and CRA. Smith never responded. Church Mutual sent a second letter in August 2014, and this time it also sent a copy to CRA. In August and September 2014, Church Mutual learned of other former customers whom Smith had contacted while at CRA. Church Mutual sued in November 2014.

Church Mutual has alleged several causes of action. The claims are: (1) breach of contract against Smith; (2) misappropriation of trade secrets against Smith; (3) misappropriation of trade secrets against CRA; (4) tortious interference with contract against CRA; (5) tortious interference with business expectancy against Smith; (6) tortious interference with business expectancy against CRA; (7) unjust enrichment against Smith; and (8) unjust enrichment against CRA. Church Mutual seeks a permanent injunction against both defendants. Towards the end of November 2014, the late Senior Judge John G. Heyburn II granted Church Mutual's motion for a temporary restraining order. Now, CRA has moved to dismiss this entire case for lack of subject matter jurisdiction. In the alternative, CRA has also moved to dismiss various causes of action for differing reasons. Church Mutual argues that CRA's motion is without merit and untimely, but—for purposes of judicial economy—it has suggested that the Court skirt the timeliness issue by treating CRA's pending motions to dismiss as motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Conversely, CRA has moved for leave to amend its answer and cross-claim to resolve the timeliness issue. For efficiency's sake, the Court will take Church Mutual's suggestion and treat CRA's motion to dismiss as a motion for judgment on the pleadings.[1]

---

[1] The parties debate whether this Court should consider certain exhibits CRA submitted. Church Mutual believes that the Court should not consider them because they are outside the pleadings. The Court agrees. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). As the Court believes that converting this matter to a Rule 56 inquiry would be premature, it refuses to consider the exhibits in relation to the motions to dismiss for failure to state a claim.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings is weighed under the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 846 (6th Cir. 2012). Thus, courts faced with a Rule 12(c) motion must accept the plaintiff's well-pled allegations as true, "and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (citation omitted). To avoid judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). The complaint "must contain sufficient factual matter to 'state a claim that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And facial plausibility exists "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556)). That is, the plaintiff "must plead 'sufficient factual matter' to render the legal claim . . . more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (internal citation omitted). Courts will review the facts in the light most favorable to the non-moving party. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citation omitted). And, finally, courts may consider the complaint, the answer, and any written instrument attached as exhibits to those pleadings when deciding motions for judgment on the pleadings. Fed. Rs. Civ. P. 12(c), 7(a).

### III. DISCUSSION

CRA has moved to dismiss this entire matter for lack of subject matter jurisdiction. In the alternative, it has moved to dismiss various causes of action in piecemeal fashion. The Court addresses each argument in turn.

*Subject Matter Jurisdiction*

CRA believes this entire case should be dismissed for lack of subject matter jurisdiction, pursuant to Federal Rule 12(b)(1). Church Mutual took issue with the timing of CRA's motion to dismiss, and it maintains that CRA's jurisdictional challenge is meritless. As to timing, "[i]f the court determines at *any time* that is lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). The substantive dispute, though, requires more discourse.

This case is in federal court based on diversity jurisdiction. This requires complete diversity of citizenship and that the amount in controversy exceed $75,000, "exclusive of interest and costs." 28 U.S.C. § 1332. For determining the amount in controversy, "the general rule is that the amount claimed by a plaintiff in his complaint determines the amount in controversy, unless it appears to a *legal certainty* that the claim is for less than the jurisdictional amount." *Rosen v. Chrysler Corp.*, 205 F.3d 918, 920-21 (6th Cir. 2000) (citation omitted) (emphasis added). Thus, "the amount claimed by the plaintiff in the complaint rules, as long as claimed in good faith . . . ." *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 628 (6th Cir. 2009). This creates an analytical construct "equivalent to a conclusion that as a matter of law, the jurisdictional amount cannot be recovered or, stated differently, no reasonable jury could award that amount." 14A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3702 (4th ed. 2015). As such, dismissal is proper "if the amount alleged in the

complaint was never recoverable in the first instance[.]" *Id*. at 628.  When challenged, "[t]he party opposing dismissal has the burden of proving subject matter jurisdiction." *Charvat*, 561 F.3d at 627 (citation omitted).

Church Mutual has met its burden—it cannot be said to a legal certainty that its claims fall short of the $75,000 threshold.  In its complaint, it asserted that its claims were worth at least $75,000.  There is nothing to indicate that claim is made in bad faith.  And, when challenged, Church Mutual explained that its misappropriation of trade secrets claim could garner two-times any compensatory damages[2] if it can prove that CRA's misappropriation was done in a willful and malicious manner.  At this stage, in light of the current briefings, the Court is not ready to divest itself of subject matter jurisdiction based on the amount in controversy.

*Third Cause of Action (Misappropriation of Trade Secrets)*

CRA also makes several arguments for dismissal of individual claims under Rule 12(b)(6).  First, it believes that Church Mutual's third cause of action, a claim for misappropriation of trade secrets, should be dismissed because Church Mutual has failed to properly plead that a trade secret exists and that CRA misappropriated that trade secret.  The Court disagrees and will deny the motion.

Kentucky has adopted the Uniform Trade Secrets Act, *see* KRS 365.880 *et seq*., which defines a "trade secret" as:

> [I]nformation, including a formula, pattern, compilation, program, data, device, method, technique, or process that: (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

---

[2] It alleges its trade secrets claim is worth roughly $38,000.

KRS 365.880(4)(a),(b).  A trade secret is misappropriated, for example, when someone acquires it through improper means, or when the secret is disclosed without the consent of the owner.  *See* KRS 365.880(2).  Church Mutual has pled that its database—and the information contained therein—was a trade secret, and that it took reasonable steps to maintain its secrecy.  It alleges that Smith and CRA misappropriated those trade secrets when Smith used proprietary information he obtained while working at Church Mutual to poach Church Mutual clients for the benefit of his new employer, CRA.

CRA takes issue with the lack of specificity in Church Mutual's pleading.  It complains that Church Mutual has alleged its trade secrets only in the most general terms.  And it claims that what specifics Church Mutual has given demonstrate that there are no trade secrets involved in this case—it says that the names of Church Mutual clients, contact information, and the like were all generally available information.  Though it concedes that Church Mutual's computers "might very well include trade secret information," it asserts that Church Mutual has not shown "with reasonable probability" that Smith could access that information after he left Church Mutual.  DN 12-1, PageID # 286.

As a general matter, Church Mutual need not show a "reasonable probability" at this stage.  All that is required is a showing that the claim is "plausible on its face."  *Twombly*, 550 U.S. at 570.  The plausibility standard falls between mere possibility, at the low end, and probability at the other extreme.  And from the pleadings, there is enough for the Court to draw the reasonable inference that Smith and CRA are "liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citation omitted).  First, Church Mutual has sufficiently pled that there are trade secrets involved in this case.  CRA's contention that Church Mutual needed to specify exactly what trade secrets are at issue is without merit.  As Church Mutual demonstrated, various federal

courts have agreed that plaintiffs' pleadings need not disclose in detail trade secrets that have been misappropriated. This makes sense: Trade secrets are valuable because they *are secret*—the secret information gives the user a competitive edge in a market for the very reason that the information is unknown to competitors. Requiring a plaintiff to disclose with specificity what trade secrets were misappropriated would expose the secrets and undermine their value. *See, e.g.*, *AutoMed Techn., Inc. v. Eller*, 160 F. Supp. 2d 915, 920-21 (N.D. Ill. 2001) ("Courts are in general agreement that trade secrets need not be disclosed in detail in a complaint alleging misappropriation for the simple reason that such a requirement would result in public disclosure of the purported secret."). The specificity of Church Mutual's alleged trade secrets pleadings—contact information, rates, loss ratios, bid proposals, underwriting information, etc.— aligns with pleadings other courts have found sufficient. *See TMX Funding, Inc. v. Impero Techns., Inc.*, No. C 10-00202 JF (PVT), 2010 WL 2509979, at *3-4 (N.D. Cal. June 17, 2010) (where the plaintiff's pled trade secrets—including such items as software, customer lists, cost pricing, margin data, prospective customer lists, and so on—was sufficient).

Next, Church Mutual has also sufficiently pled that Smith and CRA misappropriated those trade secrets. In its complaint, for example, it noted how Smith, while employed at CRA, contacted Church Mutual clients and used proprietary information—when the Church Mutual policy would expire, Church Mutual's ratings system and how it could affect renewal of the policy, and Church Mutual's plans to raise all premiums by a certain percentage—to lure the client away from Church Mutual. At this stage, the question is whether Church Mutual has pled enough for the Court to draw a reasonable inference that CRA is liable for the conduct alleged. The Court finds that it has. Dismissal of the third cause of action is therefore inappropriate.

***Fourth Cause of Action (Tortious Interference with Contract)***

Next, CRA asks the Court to dismiss Church Mutual's claim for tortious interference with contract. CRA argues that Church Mutual failed to plead the existence of a valid, enforceable contract between Church Mutual and Smith that restrained Smith's use of Church Mutual's proprietary information and his competition against Church Mutual. There are two contracts at issue in this case; the 2008 Contract was replaced by the 2013 Contract. CRA disputes that the 2013 Contract was supported by new consideration.

These arguments are not appropriate at this stage. CRA's arguments are more suited for a motion for summary judgment. All that is required of Church Mutual now is a showing that its claims are plausible. It has pled that it entered into the 2013 Contract with Smith, that the 2013 Contract contained covenants of restraint, and that CRA intentionally interfered with that contract and intentionally caused Smith to breach it. It alleged enough in the complaint for this Court to draw the reasonable inference that CRA was liable for the conduct alleged. CRA may renew this argument on summary judgment, but now is not the proper time to address it. Thus, the motion to dismiss this claim is denied.

*Sixth Cause of Action (Tortious Interference with Business Expectancy)*

CRA also takes aim at Church Mutual's claim for tortious interferences with its business expectancy. But—as with its attempt to dismiss the tortious interference with contract claim—CRA's arguments here are more suited for summary judgment. This requested dismissal is also denied.

*Eighth Cause of Action (Unjust Enrichment)*

CRA believes that Church Mutual's unjust enrichment claim should be dismissed because it asserts that Church Mutual has not properly pled the claim. The Court disagrees. As this Court has previously held, to properly state a claim for unjust enrichment, a plaintiff must

allege "(1) a benefit conferred upon the defendant at the plaintiff's expense; (2) a resulting appreciation of the benefit by the defendant; and (3) an inequitable retention of the benefit without payment for its value." *United States v. Stevens*, 605 F. Supp. 2d 863, 870 (W.D. Ky. 2008) (citation and quotations omitted). Based on the pleadings, the Court can reasonably infer that: when Smith left Church Mutual insurance, he took proprietary information with him; Smith's use of the proprietary information benefitted CRA by helping it lure business away from Church Mutual; and CRA retained this benefit without compensating Church Mutual for its value. At the pleadings stage, nothing more is required. The motion to dismiss is denied.

### *Tenth Cause of Action (Permanent Injunction)*

Finally, CRA has moved to dismiss the tenth cause of action—styled as a claim for "permanent injunction against the Claude Reynolds Agency"—because injunctions are remedies, not causes of action. CRA is correct. The cause of action will be dismissed with prejudice. CRA's victory is pyrrhic, though, since the complaint also listed injunctive relief as one of Church Mutual's requested remedies. *See* DN 1, PageID # 20 (where Church Mutual requested an "[o]rder enjoining all Defendants from misappropriating Church Mutual's trade secrets"). Since Church Mutual put CRA on notice that it would seek injunctive relief, it may still pursue that remedy even though its "permanent injunction" cause of action fails.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Claude Reynolds Insurance Agency, Inc.'s Motion to Dismiss [DN 12] is DENIED as to the Claude Reynolds Agency's arguments regarding dismissal for subject matter jurisdiction and dismissal for failure to state a claim on Plaintiff's Third, Fourth, Sixth, and Eighth Causes of Action.

The Motion to Dismiss [DN 12] is GRANTED as to Plaintiff's Tenth Cause of Action. That claim is hereby DISMISSED WITH PREJUDICE.

It is also hereby ordered that Plaintiff's Motion for Hearing [DN 16] and Defendant Claude Reynolds' Motion for Leave to Amend/Correct [DN 18] are DENIED as moot.

Date: June 2, 2015

cc:     Counsel of Record