UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:14-cv-749-JHM

Church Mutual Insurance Company          PLAINTIFF

V.

Von Smith, *et al.*          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Von Smith's Motion to Dissolve the Temporary Restraining Order. [DN 20]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion to Dissolve the Temporary Restraining Order is denied.

### I. BACKGROUND[1]

Church Mutual Insurance Company ("Church Mutual") provides casualty and property insurance for churches and other religious institutions. It built a large, electronic database of proprietary information to further its business, and it employs "regional representatives" to service customers in specific geographic areas. To protect its proprietary information, it requires its regional representatives to sign non-disclosure, non-compete, and non-solicitation agreements.

Von Smith was a regional representative in western Kentucky. When hired in 2008, he signed an employment contract ("the 2008 Contract") that included the restraining covenants listed above. Originally, the non-compete and non-solicitation agreements extended for three years after the end of his employment with Church Mutual. Five years later, he signed a new agreement ("the 2013 Contract") with Church Mutual. This time, the non-compete and non-

---

[1] The Court recently issued an opinion regarding Defendant Claude Reynolds Agency's Motion to Dismiss. [DN 32]. That opinion contained a detailed factual discussion. This opinion includes only the facts necessary to the current discussion.

solicitation provisions extended for only two years. In March 2014, his time at Church Mutual ended. Within days of leaving Church Mutual, Smith took employment with the Claude Reynolds Agency ("CRA"). Not long thereafter, Church Mutual began receiving tips that Smith was breaching his covenants to the benefit of CRA. Church Mutual sued Smith and CRA in November 2014, and the late Senior Judge John G. Heyburn II issued the TRO now at issue later that month. Though Smith was given notice, [DN 8], he did not participate in the November conference during which Judge Heyburn decided to issue a TRO "lasting until the [C]ourt issues an order on Church Mutual's motion for a preliminary injunction[.]" [DN 9, PageID # 245].

Now, Smith believes that the TRO should be dissolved. CRA agrees that dissolution is proper but for different reasons. Unsurprisingly, Church Mutual opposes dissolution. It asks the Court to convert the TRO into a preliminary injunction.

## II. DISCUSSION

Neither Smith nor CRA made a compelling case for dissolving the TRO. The Court will maintain it. As for conversion, the Court deems Church Mutual's request to convert the TRO into a preliminary injunction as practically unnecessary.

### A. Dissolving the TRO

In support of his request for dissolution, Smith raised four arguments. First, he argued that the 2013 Contract had no new consideration and so was unenforceable. Then, he made three conclusory arguments: that Church Mutual demonstrated no irreparable harm; that the minimum amount-in-controversy requirement for this Court to have subject matter jurisdiction was not met; and that Church Mutual gave no security to pay the Defendants' damages and costs as the Federal Rules require before TROs may be issued. The Court addresses each in turn.

The 2013 Contract was supported by new consideration. Smith's argument mirrored an argument CRA put forth in its Motion to Dismiss that the Court recently decided. When the Court decided on the Motion to Dismiss, it determined that it was not yet time to consider the substantive issues undergirding the consideration argument. Now, the parties seem to agree on the applicable case law, they simply disagree on how the case law fits together and how the case law affects this dispute. Both Smith and CRA argue that, pursuant to *Charles T. Creech, Inc. v. Brown*, 433 S.W. 3d 345 (Ky. 2014), the 2013 Contract fails for lack of consideration because all Smith received from the new contract was continued employment, which is insufficient to support new consideration. Church Mutual points out that the 2013 Contract shortened Smith's restraining covenants from three years to two. According to Church Mutual, this change in employment terms satisfies the need for new consideration. The Court agrees. Earlier this year, Senior Judge Charles Simpson, also of the Western District of Kentucky, interpreted *Creech*'s holding. Judge Simpson noted *Creech*'s requirement that "the employment relationship between the parties [had to] change" to support consideration. *Community Ties of Am., Inc. v. NDT Care Servs., LLC*, No. 3:12-CV-00429-CRS, 2015 WL 520960 at *20 (W.D. Ky. Feb. 9, 2015) (citing *Creech*, 433 S.W. 3d at 354) (internal quotations omitted; alteration in original). As Judge Simpson said, "[t]o state this rule another way: for an employee agreement signed after initial employment to be enforceable, the circumstances of his or her employment must be altered by the agreement or change thereafter." *Id*. The Court agrees with Judge Simpson's interpretation, and, because the terms of employment were changed, the Court finds that new consideration supported the 2013 Contract.

Smith's conclusory arguments are also unavailing. Church Mutual put forth evidence of lost business, and Sixth Circuit case law supports Church Mutual's allegation that it has suffered

irreparable harm. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 550 (6th Cir. 2007) (explaining that a harm is "irreparable" if it is not fully compensable by money damages alone and stating that the "likely interference with customer relationships from the breach of a non-compete agreement" counts as an irreparable harm). As well, this Court described in its most recent opinion that the amount-in-controversy requirement has been met to sustain this Court's subject matter jurisdiction. [DN 32]. Finally, Smith's trifles with the lack of a security bond from Church Mutual also fall flat. Despite the language in the Federal Rules, "the rule in our circuit has long been that the district court possesses discretion over *whether* to require the posting of security." *Appalachia Reg'l Healthcare, Inc. v. Coventry Health and Ins. Co.*, 714 F.3d 424, 431 (6th Cir. 2013) (citations and quotations omitted, emphasis in original). Judge Heyburn determined that neither Smith nor CRA would be harmed if the TRO were issued, [DN 9, PageID # 243], and it was accordingly within his discretion not to order Church Mutual to post security.

      CRA makes the additional argument that the TRO should be dissolved since it is an unfair restraint on trade and competition. The Court disagrees. The TRO does not prevent CRA from competing with Church Mutual. Rather, it prevents CRA from misappropriating Church Mutual's trade secrets and "benefitting from or causing Smith to work in violation of his Employment Contract . . . ." [DN 9, PageID # 246]. For all of these reasons, then, the TRO will be maintained.

### B. Conversion to Preliminary Injunction

      For its part, Church Mutual asks the Court to convert the TRO to a preliminary injunction until final resolution of this case. It is true that, in the initial order, Judge Heyburn held that the TRO would be in place "until the [C]ourt [ruled on] Church Mutual's motion for a preliminary

injunction[.]"  [DN 9, PageID # 245].  It is also true that, when granted *without* notice, a TRO will expire within fourteen days from its issuance, unless the Court decides to extend it or it is converted to a preliminary injunction.  *See* Fed. R. Civ. P. 65(b)(1)-(4).  In this case, however, the TRO was issued *with* notice to both parties; CRA participated in the conference on the TRO, Smith chose not to.  Preliminary injunctions may be issued only on notice to the adverse parties.  Fed. R. Civ. P. 65(a)(1).  As both parties had notice in November, and as nothing has convinced this Court that the calculus behind Judge Heyburn's November findings have been altered, the Court feels that the TRO currently in place is, effectively, a preliminary injunction and deems it unnecessary to formally convert it to a preliminary injunction.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Von Smith's Motion to Dissolve Temporary Restraining Order [DN 20] is DENIED.

It is also hereby ordered that Plaintiff's Motion for Hearing [DN 23] is DENIED as moot.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Counsel of Record

June 22, 2015