**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-749-JHM-CHL**

**CHURCH MUTUAL INSURANCE COMPANY,**                            **Plaintiff,**

**v.**

**VON SMITH, et al.,**                                                                      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Compel Rule 30(b)(6) Deposition of Intervenors ("Motion to Compel") (DN 108) filed by plaintiff Church Mutual Insurance Company ("Plaintiff"). Intervening defendant Selective Insurance Company of America ("Selective Insurance") filed a response (DN 114) and intervening defendant Brotherhood Mutual Insurance Company ("Brotherhood Mutual") also filed a response (DN 115). Therefore, the Motion to Compel is ripe for review.

**I.    BACKGROUND**

The Court has set forth the factual and procedural background in its memorandum opinion and order (DN 146) entered on March 20, 2018.

With respect to this specific motion, at issue are the Rule 30(b)(6) depositions for Selective Insurance and Brotherhood Mutual noticed by Plaintiff. The topics to be covered in the 30(b)(6) depositions mirrored each other and included

1. The terms of any agency agreement(s) between [Selective Insurance / Brotherhood Mutual] and Claude Reynolds Insurance Agency ("CRIA").

1

2. The terms of the agreements referenced in [Paragraph 9 of the August 21, 2015 Wesley Riley affidavit (DN 47-1) / Paragraph 9 of the August 26, 2015 Steven Smith affidavit (DN 48-1)].

3. [Selective Insurance / Brotherhood Mutual]'s procedure for agencies, such as CRIA, to have agents, such as defendant Von Smith ("Smith"), designated to sell their policies.

4. The type and scope of material that [Selective Insurance / Brotherhood Mutual] considers and defines as confidential, proprietary, and/or trade secret.

5. [Selective Insurance / Brotherhood Mutual]'s procedures for protecting information that it considers confidential, proprietary, and/or trade secret.

6. The breakdown of ownership of customer and potential prospect information between [Selective Insurance / Brotherhood Mutual] and CRIA.

(DN 109-8, 109-9.)

## II. DISCUSSION

### A. Brief summary of the arguments

Plaintiff argues that the 30(b)(6) deposition topics are relevant to its causes of action for misappropriation of trade secrets, its trade-secret claims, and the defenses of CRIA. Plaintiff also argues that both Selective Insurance and Brotherhood Mutual put their respective agency agreements into the public record and submitted affidavits touching on the issues.

With respect to topics 1, 2, and 4, Plaintiff asserts that they are relevant to Plaintiff's claim that customer information is a trade secret in the church insurance industry. Plaintiff states that a jury should be entitled to hear how CRIA agrees information is a trade secret when it

benefits Brotherhood Mutual and Selective Insurance, but takes the opposite position when trying to avoid liability. Plaintiff also argues that the agency agreements of Selective Insurance and Brotherhood Mutual and CRIA's knowledge of trade secret information are relevant to damages. More specifically, Plaintiff argues testimony on these 30(b)(6) deposition topics is directly relevant to its claim that CRIA acted willfully and maliciously; in particular, based on the agency agreements with Selective Insurance and Brotherhood Mutual, CRIA was aware that certain information is a trade secret information in the church insurance industry.

With respect to topic 3, Plaintiff argues that agent appointment procedures are relevant to compare Smith's wrongful actions against the standards that Brotherhood Mutual (and possibly Selective Insurance) required him and CRIA to comply. Plaintiff argues that the agent appointment procedures are relevant to CRIA's defense that it used fair competition to lure business away from Plaintiff.

With respect to topic 5, Plaintiff argues that it should be permitted to depose Brotherhood Mutual and Selective Insurance about methods, similar to those used by Plaintiff, for protecting the information that they share with CRIA and why those measures are reasonable under the circumstances.

With respect to topic 6, Plaintiff argues that testimony regarding this topic would go to the issue of whether Brotherhood Mutual and Selective Insurance actually have a right to claim ownership to, and designate as AEO or "Confidential," CRIA's information.

In response, Selective Insurance argues, among other things, that the information sought by Plaintiff has no bearing on the claims or defenses in this case and is simply an attempt by Plaintiff to obtain its confidential and proprietary information.

In response, Brotherhood Mutual argues, among other things, that Plaintiff's request to take its 30(b)(6) deposition is untimely and improper; the deposition topics are not relevant to Plaintiff's claims and are contrary to Plaintiff's claim that such information and documents of its own are highly confidential; and this is an improper attempt to use a Brotherhood Mutual corporate representative as an expert on industry practice.

B.  Analysis

The Motion to Compel will be denied. The Court is not swayed by any of Plaintiff's arguments with respect to the relevancy of testimony on these topics to this lawsuit; nor is it clear that the information and/or testimony to which Plaintiff states it has a right to obtain cannot be obtained elsewhere and not from entities that have intervened for a limited purpose. For one, it is not clear to the Court why Plaintiff needs testimony from Brotherhood Mutual and Selective Insurance regarding what *they* deem trade secrets to prove its own case that (1) it, in fact, possessed a trade secret(s); and (2) that trade secret(s) was misappropriated. Plaintiff can obtain expert testimony regarding what constitutes a trade secret in the church industry and what measures are taken to protect same. Second, the Court does not see why, if truly relevant, Plaintiff cannot obtain information about whether Smith abided by standards required by Brotherhood Mutual and Selective Insurance from Smith himself; in fact, the more pertinent inquiry seems to be what did Smith do to obtain business from Plaintiff's clients, however that occurred. Third, to the extent that Plaintiff seeks to ascertain knowledge or proof of willful/malicious behavior on the part of CRIA, it can take a 30(b)(6) deposition of CRIA. Finally, any disagreement about whether Brotherhood Mutual and Selective Insurance actually have a right to claim ownership and designate information and documents as AEO or

"Confidential" can be handled, or has been handled, through motion practice. In short, the explanation given by Plaintiff with respect to its need for the sought-after 30(b)(6) testimony from limited-purpose intervenors is tenuous, and therefore the Motion to Compel will be denied.

## III. CONCLUSION

Accordingly,

IT IS ORDERED that the Motion to Compel (DN 108) is DENIED.

cc: Counsel of record